UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JIE YU,

      Plaintiff,

                              Case No. 1:25-cv-1322

v.

                              Hon. Paul L. Maloney

ELIZABETH CLEMENT, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff filed her complaint along with an application to proceed in forma pauperis on October 21, 2025.  On October 31, 2025, the Magistrate Judge notified Plaintiff that her application was deficient and ordered her to either pay the filing fee or file the required affidavit of indigence and trust account statement as required under 28 U.S.C. § 1915(a)(2). The Magistrate Judge gave Plaintiff twenty-eight days to cure her motion, but she failed to do so.  On February 18, 2026, the Magistrate Judge ordered Plaintiff to show cause as to why her case should not be dismissed for want of prosecution given her failure to comply with the deficiency order.  (ECF No. 11.)  Plaintiff filed a response to the order (ECF No. 12), and the Magistrate Judge issued a Report and Recommendation (ECF No. 18), recommending that the Court dismiss this case because Plaintiff failed to provide a compelling reason for her lack of compliance.  Plaintiff filed objections to the report (ECF

No. 20).  Nearly a month later, she filed a motion for summary judgment, despite the fact that no Defendants have been served and no record has developed.  (ECF No. 22).

A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  This Court's Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

None of Plaintiff's objections identify the portions of the Magistrate Judge's report to which they are made.  Instead, Plaintiff argues—without elaboration—that the Michigan Department of Corrections has created "obstacles" that prevent her from complying with the Court's orders.[1]  She also explains that she ordered a certificate of her account activity on April 3, 2026, which is more than six months after the Magistrate Judge ordered her to cure

---

[1] Plaintiff also represents that she is "facing daily retaliations" and that "[t]hey had someone" assault her in January of 2026.  (ECF No. 20 at PageID.52-53).  It is unclear who "they" are; but in any event, the Court cannot consider these new allegations, offered as part of an objection to a Magistrate Judge's report rather than in a motion to amend or supplement the complaint.  *See, e.g., Drane v. Catholic Charities W. Mich.*, No. 1:25-cv-1478, 2026 WL 759071, at *2 (W.D. Mich. Mar. 18, 2026).  It is also unclear how these allegations establish an inability to comply with the Court's previous orders or respond to any part of the Magistrate Judge's report.

her application.  And she attaches to her objection a copy of her account statement from the last six months, which is uncertified and, therefore, inadequate under § 1915(a)(2).

"If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper," assess the full filing fee, and dismiss the case for want of prosecution.  *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Plaintiff has failed to comply with court orders to cure her application, and she has failed to provide a good reason for not doing so.  She has also failed to make a specific objection; to the extent she may have done so, her objection is without merit.

The Court now addresses Plaintiff's motion for summary judgment.  (ECF No. 22). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties must support their motion with citations to "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  This Plaintiff did not do, nor could she have; no fact record has developed, and no Defendants have even been served.  The Court thus lacks any substantive or procedural basis to grant summary judgment to Plaintiff, so this motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 18) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** for the reasons stated in the Report and Recommendation.

3

**IT IS FURTHER ORDERED** that the entire $405.00 filing fee is assessed against Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED**.

Judgment will enter consistent with this Order.

Dated:  July 23, 2026                      /s/ Paul L. Maloney
                                           PAUL L. MALONEY
                                           UNITED STATES DISTRICT JUDGE

4